**DUNCAN FIRM, P.A.**
James H. Bartolomei III (CA Bar 301678)
james@duncanfirm.com
809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone: (501) 228-7600
Fax: (501) 228-0415

**GANSEN LAW GROUP, P.C.**
Christopher J. Gansen (SBN 232133)
chris@gansenlawgroup.com
8335 Sunset Blvd., Suite 204
Los Angeles, California 90069
Tel: (424) 201-5625
Fax: (424) 214-1170

*Attorneys for Plaintiff*
*SOKOLSKYFILM, INC.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOKOLSKYFILM, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> LAUREN MESSIAH INC., and LAUREN MESSIAH, <br><br> *Defendants.* | 2:25-cv-07884-RGK-MBK <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Sokolskyfilm, Inc., pursuant to an order (Dkt. 37) granting leave to file its first amended complaint against Defendant Lauren Messiah, Inc. and Defendant Lauren Messiah, individually, alleges upon personal knowledge as to its own conduct, and on information and belief based on the investigation of Plaintiff's counsel, as to all other conducted alleged herein, as follows.

## I.     INTRODUCTION

1.     This is a case about copyright infringement under 17 U.S.C. §§ 101 *et seq.* and 505 *et seq.* caused by Defendants Lauren Messiah, Inc. and Lauren Messiah related to the copying, displaying and/or distribution of an iconic copyrighted Photo (the "Photo") owned by Plaintiff Sokolskyfilm, Inc.

2. Plaintiff also makes claims for copyright management information ("CMI") violations pursuant to 17 U.S.C. §§ 1202 and 1203 et. seq., for each instance the Photo was copied and displayed and the CMI information was deleted, altered, removed and/or false CMI was added by Defendants to the Photo to enable infringement.

## II. PARTIES

3. Plaintiff Sokolskyfilm, Inc. ("Plaintiff" or "Sokolskyfilm, Inc.") is a California Corporation with its principal place of business in the District.

4. Defendant Lauren Messiah, Inc. is a California corporation with its principal place of business and headquarters at 713 N Sycamore Avenue, #2, Los Angeles, California 90038 where it can be served in the District.

5. Defendant Lauren Messiah, individually, is a California resident found in the District, and who owns and operates Lauren Messiah, Inc. Defendants are collectively referred to as "Messiah" or Defendants as Lauren Messiah is an alter ego of Lauren Messiah, Inc.

## III. JURISDICTION AND VENUE

6. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. and 505 *et seq*.

7. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights).

8. Venue is proper in this District because Defendants (1) committed copyright infringement (2) expressly aimed at the forum state of California with the promotion and advertising of Messiah through her web site and other mediums, (3) and caused harm in this District to Plaintiff.

9. This District and the Western Division are proper venues because the Photo at issue was distributed and copied for promotion directed at Messiah's customers in the District.

- 2 -

FIRST AMENDED COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

10. The claims alleged also arise out of or relate to Defendants' regular and systematic activities in this District, and the fact that Plaintiff would not have been injured but for Defendant's conduct that violated its rights in California.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendants may be found in this District by operating and advertising it services for customers found in the District.

12. This Court has *in personam* jurisdiction over Defendants because Defendants availed themselves of the privileges of conducting business in this District and the State of California and Defendants incurred a benefit from such infringement of the Photo in the District, thus it is reasonable for Defendants to submit to the jurisdiction of this California federal district court.

13. Defendants have regularly and systematically transacted business within California in the District and sold services in California in connection with the matters giving rise to this suit, harming Plaintiff in the District.

14. Defendants previously answered the Complaint, submitting to the jurisdiction of this Court.

### IV.    FACTUAL ALLEGATIONS

**A. The Importance of Copyright and Bundle of Rights**

15. Copyrights are the legal title to intellectual property by which creators of original works protect the moral and economic rights in those works.

16. Respecting and defending the financial value of a creator's copyrighted work is a bedrock principle of our democracy, so important that the Founding Fathers enshrined the Constitution with specific references to copyrights, expressly giving Congress the power to "promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const. Article I, Section 8.

FIRST AMENDED COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

17. "Copyright law encourages people to create original works and thereby 'ultimately serves the purpose of enriching the general public through access to creative works.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1994).

18. The Supreme Court of the United States found that by "establishing a marketable right to the use of one's expression, copyright supplies the economic incentive to create and disseminate ideas." *Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 558 (1985).

19. Section 106 of the Copyright Act (the "Act") grants copyright owners the exclusive public display right and control of the economic value of their work. The Act makes it illegal to publicly perform, publicly display, distribute, or reproduce a copyrighted work except in limited instances, and provides for actual or statutory damages.

20. In 1976, the Act was amended to give creators such as Plaintiff an automatic copyright in the Photos.

21. To file suit based on an alleged infringement, that automatic copyright interest must be registered with the U.S. Copyright Office, which was completed prior to filing suit and prior to infringement.

**B. Background on the Copyrighted Photo**

22. Melvin Sokolsky ("Sokolsky") was an iconic fashion photographer who passed away in 2022 after a storied career. Throughout his work as a photographer, Sokolsky received numerous accolades, including 25 Clio Awards and a nomination from the Directors Guild, underscoring his impact on both photography and television commercials. His work has been exhibited in major museums worldwide, including the Museum of Modern Art and the Louvre, solidifying his status as a significant figure in contemporary art and fashion photography.  Some of his photographs have sold for more than $115,000 for a single printed copy.

FIRST AMENDED COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

23.    Sokolsky created the Photo titled *Parker Train* as part of a series of fashion-centric images featuring Suzie Parker. The Photo at issue is shown here:



24.    Plaintiff Sokolskyfilm, Inc. is the business entity that Melvin Sokolsky formed during his lifetime to control and license his intellectual property. Sokolskyfilm, Inc. is now operated by his son, cinematographer, Bing Sokolsky.

25.    Plaintiff Sokolskyfilm, Inc. continues to generate significant income from licensing fees for Sokolsky's copyrighted photographs, including the Photo, as well as from the sale of authorized fine art editioned prints of those photographs. These works remain protected and commercially valuable intellectual property.

26.    Plaintiff Sokolskyfilm, Inc. licenses Sokolsky's works generally through a rights-managed model, limited in scope, duration, and medium.

27.    To protect the value and rarity of Plaintiff Sokolskyfilm, Inc.'s works, it generally does not license any of its photos for commercial advertising and

FIRST AMENDED COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

promotion of brand such as how Defendants pirated and exploited the Photo at issue to promote Defendants' commercial activity to sell life coach services.

28. Plaintiff Sokolskyfilm, Inc. maintains a public-facing website at www.sokolsky.com where it, *inter alia*, promotes Melvin Sokolsky's body of work and solicits licensing inquiries.

29. The Photo was registered with the U.S. Copyright Office under Registration No. TX 5-258-184, with an effective date of June 30, 2000. The registration corresponds to the Photo's publication in Melvin Sokolsky's book titled *Seeing Fashion*, published the same year.

30. During his lifetime, Melvin Sokolsky produced a limited run of fine art editioned prints of the Photo, which was offered directly and through various private galleries. Today, the Photo is also available as a fine art print.

31. Plaintiff has, for example, sold multiple authorized prints of the Photo for up to $13,000.00 each, demonstrating the Photo's substantial value as a collectible fine art asset.

32. Plaintiff has never authorized its use in advertising, promotion, commercial exploitation or brand marketing for a personal coaching service.

33. Plaintiff is currently the lawful owner of all rights, title, and interest in the Photo, including the copyright.

34. Plaintiff holds the rights to the Photo by operation of law and through assignment from Melvin Sokolsky and/or his estate.

35. Plaintiff has never authorized or licensed the Photo to Defendant for any purpose.

**C. Defendants' willful infringement of the Photo.**

36. On information and belief, sometime in late 2009, Defendants copied, distributed and displayed the Photo without authorization from Plaintiff for promoting Defendants' brand and services.

37. In the unauthorized copying, distribution and display of the Photo, on information and belief, Defendants and/or their agents deleted Plaintiff's copyright management information ("CMI") in order to knowingly enable infringement, and hide Sokolsky's name and credit for the Photo.

38. Nowhere in Defendants' promotional post(s) do Defendants credit Sokolsky.

39. A simple Google Image search reveals that Melvin Sokolsky's name is credited with the Photo and conducting a search is something a reasonable, sophisticated commercial entity that operates a commercial entity involving copyrights and trademarks should have done.

40. Below is a demonstrative screenshot showing what a Google Image search yields if the Photo is uploaded and searched:



FIRST AMENDED COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

41.    In 2025, Plaintiff discovered that a copy of the Photo was being unlawfully displayed and pirated by Defendants on their website (and perhaps other locations unknown at this time) in a post promoting their brand, implying that they had authorization to use this iconic Photo when in fact it did not.

42.    The following links contained a copy of where the Photo was displayed at https://laurenmessiah.com/2009/11/style-suggestions-for-army-wives/ and is still displayed https://laurenmessiah.com/wp-content/uploads/2009/11/melvin-sokolsky5.jpg despite a takedown demand as well as screenshot of the infringement evidence showing:



- 8 -

43.     Lauren Messiah owns and controls Lauren Messiah Inc. and the web site where the Photo was displayed and still is displayed.

44.     On or about July 29, 2025, Plaintiff, through its counsel, sent a takedown and cease and desist notice to Defendants regarding the Photo.

45.     Defendants received and acknowledged the take down notice via

| From: | Lauren Messiah |
| To: | James Bartolomei |
| Subject: | Your Message Received! Lauren Messiah Inc. |
| Date: | Tuesday, July 29, 2025 11:41:46 AM |

Hey,

Cheers for dropping us a line!

You've hit Lauren Messiah Inc.'s Support Team auto-responder.

Your message is on our radar! Catch us Monday to Friday, 10 AM to 6 PM PT, and expect to hear back within 24-48 hours.

For any immediate assistance or information about Lauren Messiah's courses and programs, check out our Help Center:

Team LM - Help Center:   https://laurenmessiah.helpscoutdocs.com/

Thanks for your patience, we'll get back to you soon!

Best,


**The Support Team at Lauren Messiah Inc.**
Style Boss Academy™ The Business School for Stylists
info@laurenmessiah.com

email:


46.     Despite acknowledging the take down notice the same day and taking down the post sometime thereafter, Defendants have refused any compensation to Plaintiff for the unauthorized use of the Photo and allowed the Photo to remain displayed at https://laurenmessiah.com/wp-content/uploads/2009/11/melvin-

- 9 -
FIRST AMENDED COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

sokolsky5.jpg which was still publicly displayed as August 21, 2025 when the case filed, and despite follow emails, which had gotten no response until Defendants were served.

47.    Each display of the Photo was unauthorized, with each medium (website, print etc.) requiring a separate license as Plaintiff generally only licenses its works under a "rights-managed" licensing model.

48.    Plaintiff in this 17 U.S.C. § 504(b) action can therefore establish a causal connection and relationship between the infringements, the revenue generated from the infringements, and the monetary remedy sought under the Act, which is neither speculative nor arbitrary.

49.    Actual damages should be awarded to Plaintiff from the hypothetical-license value, which constitute an acceptable and recognized form of "actual damages" recoverable under Section 504(b).

50.    Where an infringer of a protected work, instead of obtaining permission and paying an agreed licensing fee, proceeds to use that work without permission and without compensating the copyright owner, the copyright owner (e.g., Plaintiff) suffers damages, because Plaintiff was legally entitled to exact a fee for such uses.

51.    Whether the infringing Defendants might in fact have negotiated with Plaintiff or purchased at the Plaintiff's price is irrelevant to whether hypothetical-license damages are available.

52.    Hypothetical-license damages also assume rather than require the existence of a willing seller and willing buyer. The very word "hypothetical" indicates that damages may be awarded in the absence of an actual license.

53.    Plaintiff's damages are measured and determined by the fair market value of license fees by looking at established rates that are regularly paid by licensees in the market.

FIRST AMENDED COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

54.     The calculation of a reasonable licensing fee for use of Plaintiff's Photos must be based on such factors as the type of use, size of use, medium, and circulation.

55.     Plaintiff may also elect to seek statutory damages under the Copyright Act up to the time judgment is entered.

56.     Given Lauren Messiah's nature as a business with knowledge of fashion, copyrights, trademarks,[1] having written three (3) books which were each copyrighted on information and belief, and advertising/marketing, Defendants knew or should have known that the use of the Photo was a violation of Plaintiff's rights.

57.     On information and belief, Defendants also more likely than not committed a Copyright Management Information (CMI) violation related to their uses and distribution of the Photo because the Photo's CMI, such as Sokolsky's name associated with the digital files of the Photo were likely deleted or altered from display that were distributed by Defendants more likely than not for the purpose of preventing Plaintiff from discovering those displays and/or enabling infringements. *See* 17 U.S. Code § 1203(3)(B).  However, the digital file contains Melvin Soloksy's name which evidences that Defendants knew that Sokolsky owned the Photo yet hid this information to enable infringement. Each CMI violation carries a minimum award of $2,500 to a maximum award of $25,000, along with reasonable attorney's fees.

58.     On information and belief, Defendants intended to commit infringement and knowingly supplied the Photo with removed CMI that enabled infringement.

59.     On information and belief, Plaintiff alleges that Defendants removed and/or altered Sokolsky's CMI with a reasonable basis to know that the removal

---

[1] Defendant Lauren Messiah filed for trademarks include a word mark of her name https://tsdr.uspto.gov/#caseNumber=88620124&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch and "Style Boss Academy" https://tsdr.uspto.gov/#caseNumber=97343228&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch

- 11 -

and/or alteration of CMI would prevent or hinder Plaintiff's ability to discover the infringement(s).

60.    Given that Defendants lack a license agreement between Defendant and Plaintiff or any cognizable defense, Plaintiff had no choice but to file a suit to protect Plaintiff's rights and seek fair and just compensation.

## V.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Infringement of Copyrights (17 U.S.C. §§ 106, 501)

61.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

62.    Plaintiff owns a valid copyright registration in the Photo.

63.    Plaintiff never provided authorization to Defendants or its partners, owners, agents, licensees, affiliates, employees, contractors, customers, or subscribers to use, copy, publicly display, distribute, license, manipulate, or otherwise commercially exploit the Photo.

64.    Defendants have directly infringed Plaintiff's copyright in the registered Photo, by using, copying, publicly displaying, distributing, licensing, manipulating, or otherwise commercially exploiting the Photos, without Plaintiff's authorization.

65.    Defendants have caused damages to Plaintiff from copyright infringement of the Photo and who each had the right and ability to take down the Photos after notifications.

66.    Defendants had actual knowledge of the infringement of the Photo and materially contributed and caused infringement once Plaintiff sent notice that Defendants were not allowed to display, distribute, and publish the Photo.

67.    Defendants are vicariously liable for its respective employees', retailers, contractors' and/or agents' infringement of the Photo as alleged above.

- 12 -

68. Defendants knew or had reason to know of its respective employees, contractors, and agents' infringement and intentionally induced and/or materially contributed to such infringement.

69. Defendants knew or had reason to know of, and materially contributed to the infringement of those to whom each copied, distributed and/or displayed the Photos.

70. Defendants are contributorily liable for their respective employees', contractors', all other Defendants and agents' infringement.

71. Defendants are secondarily liable for their respective employees, contractors, Downstream Infringers and agent's infringement.

72. Plaintiff has suffered actual damages as a direct and proximate result of Defendants' direct and secondary infringement.

73. Plaintiff is entitled to recover damages based on it actual damages suffered as a result of Defendants' infringements and the disgorgement of Defendants' profits attributable to the infringements, pursuant to 17 U.S.C. § 504(b), which amounts will be proven at trial, as well as any licensing fee that Plaintiff could have received if Defendants secured a valid license to the Photos.

74. Pursuant to 17 U.S.C. § 504(c)(2), and as a result of Defendants' infringement of Plaintiff's exclusive rights in the Photo, Plaintiff is entitled to recover statutory damages up to a maximum amount of $150,000 pursuant to 17 U.S.C. § 504(c)(1).

75. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

76. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive

copyrights in the Photo by the Defendants and all persons acting in concert with the Defendants.

## SECOND CAUSE OF ACTION

### Violations of Copyright Management Information
### Under 17 U.S.C. §§ 1202 & 1203

77.   Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

78.   On information and belief, Defendants found the Photo either on Plaintiff's website or another site and caused a copy to be made while ignoring that Sokolsky is the photographer that captured this Photo and/or likely owns the rights to it.

79.   Defendants either visited Plaintiff's website and copied the Photo, deleting Plaintiff's CMI from the Photo (the metadata and name) and/or added false copyright management information provided in connection with the reproduction, distribution, and public display and of the Photo on Defendants' web site and distribution of the Photo and Defendants intended to facilitate or conceal the infringement of Plaintiff's exclusive copyright.

80.   On information and belief, Defendants intended the false copyright management information to induce the public to believe that Defendants had permission to copy and display Plaintiff's Photo for advertising, as opposed to Plaintiff, the copyright owner.

81.   Defendants' actions constituted willful and deliberate violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a).

82.   On information and belief, Defendants knew that their use of the false attribution and/or deleting of Plaintiff's CMI under 17 U.S.C. § 1202 (a) was "False Copyright Management Information," and Defendants, in violation of the law, knowingly and with the intent to induce, enable, facilitate, or conceal infringement, (1) provided copyright management information that Defendants knew was false,

- 14 -

and/or despite this knowledge, (2) distributed copyright management information that is false by falsifying the metadata of the Photo.

83. Discovery will show from the metadata that Defendants was charged with preserving when it first changed, deleted, and/or added false CMI to the Photos.

84. Defendants are also liable under 17 U.S.C. § 1202 (b) for "Removal or Alteration of Copyright Management Information" because Defendants, without the authority of the copyright owner, Plaintiff, (1) intentionally removed or altered any copyright management information, such as Plaintiff's name and/or metadata, and (2) Defendants distributed false copyright management information knowing that the copyright management information had been removed or altered without authority of the copyright owner, Plaintiff, or knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that Defendants' conduct will induce, enable, facilitate, or conceal an infringement of any right under this title.

85. By reason of Defendants' CMI violation(s), Plaintiff has suffered damages and is entitled to recover its actual damages and to disgorge any additional profits of Defendants attributable to the violations, pursuant to 17 U.S.C. § 1202(c)(2).

86. Alternatively, and at Plaintiff's sole discretion exercised any time prior to entry of final judgment, Plaintiff is entitled to recover statutory damages in an amount between $2,500 and $25,000 *per violation* of the Digital Millennium Copyright Act, pursuant to 17 U.S.C. § 1203(c)(3)(B) for at least two (2) CMI violations. Discovery may show more violations than are unknown to Plaintiff at this time.

87. Further irreparable harm is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining

- 15 -

Defendants, their officers, directors, agents, employees, representatives, assigns, and all persons and entities acting in concert with Defendants from engaging in further violations of the Digital Millennium Copyright Act.

88. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

## VI.    RELIEF REQUESTED

89. Wherefore, Plaintiff prays for judgment against Defendants Lauren Messiah, Inc. and Lauren Messiah as follows:

a. Awarding Plaintiff damages derived from the infringing acts, including actual damages for copyright.

b. Awarding Plaintiff damages derived from the infringing acts for statutory damages for copyright infringement in the exact amount of $150,000.

c. Awarding Plaintiff damages derived for each CMI violation of $25,000.

d. Granting Plaintiff injunctive and other equitable relief enjoining Defendants, their respective officers, agents, vendors, servants, and employees, and all those acting in concert, from directly or indirectly reproducing, publicly performing, publicly displaying, or distributing the copyrighted Photo to which Plaintiff has exclusive rights.

e. Disgorging all profits derived by that were obtained as a result of the conduct alleged herein.

f. Awarding prejudgment interest to the maximum extent permitted by law.

g. Awarding Plaintiff's attorneys' fees, costs, and expenses.

h. Awarding such other and further relief that is just and proper.

## VII.   JURY TRIAL DEMANDED

90.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury of all the claims asserted in this Complaint so triable.

Dated: January 29, 2026

Respectfully submitted,

**DUNCAN FIRM, P.A.**

*/s/ James H. Bartolomei III*
James H. Bartolomei III

*Attorneys for Plaintiff*
*SOKOLSKYFILM, INC.*

- 17 -
FIRST AMENDED COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 29, 2026 a true and correct copy of the foregoing was served on all counsel of record listed on the Court's the ECF-CM electronic filing system, including to J. Curtis Edmondson jcedmondson@edmolaw.com  and Sally Robinson sallyr@edmolaw.com, counsel for Defendants.

*/s/James Bartolomei*
James H. Bartolomei, Esq.

FIRST AMENDED COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT